UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edward Everett Brown, IV, | Case No.: 2:23-cv-00250-APG-EJY |
| Plaintiff | **Screening Order** |
| v. | |
| State of Nevada, | |
| Defendant | |

Plaintiff Edward Everett Brown, IV, who is in the custody of the Nevada Department of Corrections (NDOC), has submitted a complaint seeking damages for alleged due-process violations and his kidnapping by the State of Nevada on April 1, 2019. ECF No. 1-1. I liberally construe the complaint as bringing a civil-rights action under 28 U.S.C. § 1983.[1] Brown has not paid the $402 fee for filing a civil action or applied to proceed in forma pauperis (IFP). *See* ECF No. 1. Brown, however, moved for an extension of time to apply for IFP status, arguing that he recently sent his paperwork to prison officials for processing. ECF No. 3. I grant Brown an extension of time to either pay the required filing fee or properly apply for IFP status. I now screen his civil-rights complaint under 28 U.S.C. § 1915A.

I.   **FILING FEE**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C.

---

[1] Brown contends that federal jurisdiction exists over this action under 18 U.S.C. §§ 241, 242. Brown is mistaken. Those are criminal statutes and he is not a prosecutor.

§ 1914(b).[2] "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." Nev. Loc. R. LSR 1-1. For an inmate to apply for in forma pauperis status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. LSR 1-2. In forma pauperis status does not relieve an inmate of his obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

Brown has not paid the filing fee or applied to proceed in forma pauperis. Instead, Brown moved for an extension of time to apply for in forma pauperis status. ECF No. 3. I grant the motion to extend time and give Brown until **May 26, 2023** to either pay the required filing fee or properly apply to proceed in forma pauperis.

**II.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[3] The court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[4] All or part of the complaint may be

---

[2] The fee for filing a petition for writ of habeas corpus is $5. 28 U.S.C. § 1914(a).
[3] *See* 28 U.S.C. § 1915A(a).
[4] *See* 28 U.S.C. § 1915A(b)(1)(2).

2

dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[5]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[6] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[7] Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[8] but a plaintiff must provide more than mere labels and conclusions.[9] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[10] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

## III. SCREENING OF COMPLAINT

Brown sues the State of Nevada. He seeks monetary relief in the amount of $100,000,000 to be paid in "gold and silver tender" and brings one claim for relief. Brown alleges that he "was not living nor a real injured party, but the CORPORATE." He contends that

---

[5] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[6] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[7] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] *Id.*

the "PSUEDO COURT moved forward as if crimes against the State were committed. This can only mean that the Dummy/Strawman/Defendant Corporation had been charged as an 'enemy of the state' under 'war crimes.' The living has been hunted down and kidnapped." Brown specifies that he was kidnapped on April 1, 2019. ECF No. 1-1 at 4.

Based on these allegations, Brown contends that the State of Nevada Bar Association violated his due-process rights. But Brown pleads no facts to show how the State of Nevada or the Nevada Bar Association denied him due process. Nor does he identify any proceeding in which he was not afforded due process. And neither the State of Nevada nor the Nevada Bar Association can be sued in this federal action. Indeed, plaintiffs generally cannot pursue § 1983 claims or state-law claims against the State of Nevada or its agencies in federal court because the State has not waived its Eleventh Amendment sovereign immunity.[12] Brown fails to state a colorable claim that his due-process rights were violated.

The allegations of the complaint are difficult to follow and appear to stem from an adherence to the "sovereign citizen" anti-government movement. Courts have described the movement as "'a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings.'"[13] Although I have no appetite to prevent legitimate efforts to present novel legal theories, I caution Brown that

---

[12] *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *cf. Clark v. St. of Wash.*, 366 F.2d 678, 681–82 (9th Cir. 1966) (concluding that the Washington State Bar Association is a state agency and immune from suit under Eleventh Amendment); *accord Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* Nev. Rev. Stat. § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity); *see also Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006) (holding that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims").

[13] *United States v. Mesquiti*, 854 F.3d 267, 269–70 (5th Cir. 2017) (quoting *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016)).

courts have roundly rejected sovereign citizens' "theories of individual sovereignty, immunity from prosecution, and their ilk" as being brought in bad faith, frivolous, and without merit.[14] As the Seventh Circuit put it, "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily; however they are presented."[15]

On May 8, 2020, Brown was sentenced to a minimum term of 20 years or maximum term of 50 years in prison after he was convicted under a guilty plea of first-degree murder in the Eighth Judicial District Court for Clark County, Nevada.[16] To the extent Brown is attempting to assert federal claims about his arrest, criminal case, conviction, or sentence, he also fails to state a colorable claim for relief because he does not allege that his conviction or sentence has been invalidated. The Supreme Court of the United States explained in *Heck v. Humphrey* that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[17] "A claim for damages bearing that relationship to a conviction or sentence

---

[14] *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases); *United States v. Taylor*, 21 F.4th 94, 101–02 (3d Cir. 2021); *Clarke v. Allen*, 2020 WL 3510921 (D. Nev. June 29, 2020) (summarizing movement).

[15] *Benabe*, 654 F.3d at 767 (cleaned up).

[16] Brown's state criminal case is styled *State of Nevada v. Brown*, Case No. C-19-341488-1. I take judicial notice of the online docket records in the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us.

[17] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

5

that has not been . . . invalidated is not cognizable under § 1983."[18]  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[19]  When a district court dismisses under *Heck*, the dismissal is required to be without prejudice so that the plaintiff "may reassert his claims if he ever succeeds in invalidating his conviction."[20]

Because Brown has not stated a colorable claim for relief, I dismiss his complaint in its entirety.  But it does not yet appear that Brown cannot state any set of facts upon which relief could be granted.  So I grant Brown leave to amend to attempt to plead a viable claim.  This means Brown has leave to plead true facts to show how his rights were violated, and that his conviction or sentence has been invalidated.  Alternatively, if Brown's conviction or sentence has not been invalidated and he is attempting to challenge their validity, he may consider filing a habeas corpus petition in a new action, under a new case number, and either pay the $5 fee for filing that proceeding or apply to proceed in forma pauperis.  Brown should be aware that there may be exhaustion requirements that apply to such a habeas petition, depending on the allegations.

If Brown chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[21]  This

---

[18] *Id.* at 487.

[19] *Id.*

[20] *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

[21] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

6

means Brown's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Brown should file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Brown must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights.

## IV.    CONCLUSION

I therefore order that the motion for extension of time **(ECF No. 3) is GRANTED**.

I further order that plaintiff Edward Brown has **until May 26, 2023** to **either** pay the full $402 filing fee for a civil action **or** file a fully complete application to proceed *in forma pauperis* with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

I further order that plaintiff Edward Brown has **until May 26, 2023** to file an amended complaint. If Brown chooses to file an amended complaint, he should use the approved form and he will title it "First Amended Complaint." Brown is advised that the court will screen the amended complaint in a separate screening order and the screening process will take several months. If Brown chooses not to file an amended complaint, this action will be subject to dismissal without prejudice for failure to state a claim.

Alternatively, if Brown's conviction or sentence has not been invalidated and he is attempting to challenge their validity, then he may consider filing a habeas corpus petition in a new action, under a new case number, and either pay the $5 fee for filing that proceeding or apply to proceed in forma pauperis. Brown may not file those documents in this action.

7

The Clerk of the Court is directed to file the complaint (ECF No. 1-1) and send plaintiff Edward Brown copies of the complaint (ECF No. 1-1), the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, the approved application to proceed in forma pauperis for an inmate and instructions for the same, and a blank 28 U.S.C. § 2254 habeas corpus form and instructions for the same.

Dated: April 23, 2023

_____
U.S. District Judge